IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SALEEM JAFFER JIWANI | § | |
| v. | § | CIVIL ACTION NO. 6:07cv386 |
| CLIFTON HOLMES | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Saleem Jiwani, proceeding *pro se*, filed this lawsuit which he styled as a tort action, complaining of the actions of his retained attorney.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Jiwani sues Clifton (Scrappy) Holmes, a criminal defense attorney in Longview, Texas.  He states that he hired Holmes to defend him in his criminal prosecution, and that he told Holmes on first hiring him that he wanted a jury trial.  Holmes advised him that he, Jiwani, had a good chance of winning a jury trial or of having the case dismissed before it went to trial.

Jiwani states that Holmes told him that he would "have to have a sum of money up front," and that to go to trial would be very expensive.  Jiwani replied that he was willing to pay the fee.  He paid Holmes a retainer and continued making payments, until he asked what the total amount would be; Holmes replied that since they were going to trial, the fee would be $35,000.00.  Jiwani had some $50,000.00 which had been seized from his home, which Holmes told him would be returned once it was proven not to be drug money.

Jiwani states that he paid Holmes the full $35,000.00, and that $15,000.00 of the seized money was returned to him, although the rest was forfeited.  He says that Holmes was

1

supposed to send the money to Jiwani's wife, but Holmes never did.  Jiwani also asked that Holmes refund him $25,000.00 of the money which was paid to him, because instead of a jury trial, Holmes arranged a guilty plea, which Jiwani says involved "no research and no work."  He argues that the Court has "general jurisdiction" to hear this case on the merits and asks that Holmes return the $15,000.00 seized from his home as well as reimburse him in the amount of $25,000.00.  Jiwani did not challenge the validity of his conviction or his guilty plea in this proceeding.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed.  The Magistrate Judge observed that malpractice actions against attorneys sound in tort and that contrary to Jiwani's contention, the federal district court is not a court of general jurisdiction, but rather a court of limited jurisdiction.  The tort of legal malpractice is essentially a negligence claim and is a state law tort rather than a claim which falls within the jurisdiction of the federal courts.  Accordingly, the Magistrate Judge recommended that the lawsuit be dismissed with prejudice as to its refiling in federal court, but without prejudice as to Jiwani's right to seek relief in the courts of the State of Texas or through the administrative procedures of the State Bar of Texas.  The Magistrate Judge also observed that the dismissal of this lawsuit should have no effect upon any challenges which Jiwani may raise to the validity of his conviction.

Jiwani received a copy of the Magistrate Judge's Report on September 23, 2007, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc).*

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge.  Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct.  It is accordingly

2

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to its refiling in federal court, but without prejudice as to Jiwani's right to seek relief in the courts of the State of Texas or through the administrative procedures of the State Bar of Texas. It is further

ORDERED that the dismissal of this lawsuit shall have no effect upon the right of the Plaintiff to challenge the validity of his conviction, guilty plea, or sentence through any lawful means.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 18th day of October, 2007.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**